■ In the Matter of OLYMPIA ESTATES, INC., Respondent, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Appellant. [712 NYS2d 412] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the New York City Department of Environmental Protection which denied the petitioner's application for eight sewer connection permits and to direct the New York City Department of Environmental Protection to authorize the New York City Department of Buildings to grant the sewer connection permits, the New York City Department of Environmental Protection appeals from (1) a judgment of the Supreme Court, Richmond County (Minardo, J.), dated April 8, 1999, and (2) a resettled judgment of the same court dated April 26, 1999, which granted the petition.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment is reversed, on the law, the judgment is vacated, the petition is denied, and the deter-

mination denying the application is confirmed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court erred in finding that the determination of the New York City Department of Environmental Protection (hereinafter the DEP) to deny the petitioner's application for eight sewer connection permits was arbitrary and capricious. There was a rational basis for the DEP's plan to provide for proper drainage before the requested sewer permits were issued. The DEP's determination was reasonably based upon the evidence in the record and thus was not arbitrary and capricious (see, CPLR 7803 [3]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Various Tenants of Garage Located at 68-38 Yellowstone Blvd. v Roldan,* 260 AD2d 487). Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.